Dear Chief Millet:
You have requested an Attorney General's Opinion on the following three questions:
 (1) "May a Parish Sheriff's Department enter into a contract with a local government, i.e., town or village government, to furnish law enforcement activities when there is an elected chief of police and the chief of police concurs in the agreement?
 (2) If it is legal to do so, must the Mayor and Council concur in the agreement or may the elected chief enter into a contract on his own initiative?
 (3) If such a contact is entered into, who would have the ultimate responsibility for the law enforcement operation, the sheriff, the elected chief or the governing body?"
The questions you have asked have been addressed, to some extent, by previous opinions of this office. Your first question has most recently been the subject of our Opinion Number 93-6. Accordingly, in response to your first question, I quote the following from that opinion:
"We answer your first question in the affirmative, and direct your attention to the provisions of LSA-R.S. 33:1324
which provide in pertinent part:
 `Any parish, or municipality of political subdivision of the state, or any combination thereof, may make arrangements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 (1) `Police, fire and health protection.' LSA-R.S. 33:1324(1). (Emphasis added).
It remains the opinion of this office that a municipality may enter into an intergovernmental agreement, for a sheriff to perform law enforcement services within the municipality. . . ."
Your second question concerns who may sign the proposed agreement between the municipality and the sheriff. Under the provisions of LSA-R.S. 33:404(4), the mayor of a Lawrason Act Municipality has the power, duty, and responsibility "to sign all contracts on behalf of the municipality." However, relying on Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237 (1946), in Attorney General's Opinion Number 90-616, this office opined that:
 "The Board's legislative powers include control over the municipal fisc, and their express or implicit authorization is required for all public expenditures."
Therefore, it appears that if a Lawrason Act Municipality entered into a contract with the parish sheriff to furnish law enforcement services, and if that contract involved the expenditure of funds belonging to the municipality, both the mayor and the board of aldermen would have to concur in the contract and the mayor would sign it on behalf of the municipality.
You have also asked if such a contract were entered into, who would have the ultimate responsibility for law enforcement within the municipality. This question was addressed in Attorney General's Opinion Number 93-6. (Copy attached). We opined therein as follows:
 "The peacekeeping and law enforcement responsibilities of the sheriff are co-extensive with the boundaries of the parish, encompassing the municipality therein. It has been the opinion of this office that while the chief of police is the chief law enforcement official in the municipality, the parish sheriff may exercise concurrent jurisdiction. It has further been the opinion of this office that where a complaint of crime or offense within a municipality is made with the sheriff's office, the sheriff may either exercise concurrent jurisdiction with the city police and handle the complaint or he may refer the complaint to the city police. We adhere to the previous conclusions in Attorney General Opinion Numbers 84-603, 83-161, and 84-109. . . ."
In summary, it is the opinion of this office that a sheriff may enter into a contract with a local government to furnish law enforcement services, when there is an elected chief of police. If the contract requires the expenditure of municipal funds, it would require the concurrence of the mayor and the board of aldermen, and the mayor would have to sign the contract for the municipality. Under such a contract, the sheriff and the chief of police would enjoy concurrent jurisdiction within the municipality.
I trust that the foregoing adequately answers the questions you have asked. If, however, additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2607s